# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                                Case No. 07-20099-04-JWL
                                                                                      18-2163-JWL

**Yehia Hassen,**

      **Defendant.**

## MEMORANDUM & ORDER

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. Under the terms of the plea agreement, Mr. Hassen anticipated a guideline range of 210-262 months (corresponding to a criminal history category of I and a total offense level of 37) but understood that the government would recommend the low end of the range and would file a § 5K1.1 motion if he met the cooperation requirements. Following Mr. Hassen's guilty plea, he remained out-of-custody on conditions of release. On March 29, 2010, the day of Mr. Hassen's scheduled sentencing, the government filed a § 5K1.1 motion seeking a one-level reduction in Mr. Hassen's total offense level and, consistent with the plea agreement, recommended a sentence of 188 months, the low-end of the resulting guideline range. Mr. Hassen failed to appear for sentencing and an arrest warrant was issued by the court. At that time, the government withdrew its § 5K1.1 motion. Mr. Hassen remained a fugitive until he was arrested in the Republic of Cyprus in April 2016. He waived extradition and was transported back to the United States.

In August 2016, the government filed a motion for a hearing to determine whether Mr. Hassen breached the plea agreement by failing to appear for sentencing and then absconding for six years. By filing the motion, the government sought to request a sentence other than the low-end of the guideline range, to request that Mr. Hassen not receive a reduction for acceptance of responsibility and to request an upward departure from the applicable guideline range. At the same time, Mr. Hassen, through new counsel, filed a motion to withdraw from the plea agreement based upon ineffective assistance of counsel; to withdraw from the plea agreement because he did not enter that agreement knowingly and voluntarily; and to find that the government's one-level § 5K1.1 motion was made in bad faith.[1] On September 15 and September 23, 2016, this court held an evidentiary hearing on the parties' motions. After that hearing, the court granted the government's motion and denied Mr. Hassen's motion. On November 22, 2016, the court sentenced Mr. Hassen to 324 months imprisonment. Mr. Hassen then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, asserting four claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. In February 2019, this court issued a memorandum and order denying each of Mr. Hassen's § 2255 claims, denying Mr. Hassen's request for an evidentiary hearing, and denying a certificate of appealability on his claims. This matter is now before the court on Mr. Hassen's motion to alter or amend judgment pursuant to Rule 59(e) or, in the alternative, for a certificate of appealability (doc. 1116).

---

[1] While Mr. Hassen's motion was filed as a motion to withdraw guilty plea under Rule 11(d)(2)(b), Mr. Hassen clarified at the hearing that he was seeking only to have the plea agreement set aside, that he wanted to waive his right to a trial, and he wanted to leave in place his guilty plea.

As will be explained, the motion is denied in part and dismissed in part. To the extent the motion is a true Rule 59(e) motion, it is denied because Mr. Hassen has not demonstrated any of the well-established grounds warranting relief under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). To the extent the motion is a successive § 2255 petition, it is dismissed because the court lacks jurisdiction over it. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In response to Mr. Hassen's motion, the government asserts that it amounts to a subsequent or successive § 2255 motion such that this court lacks jurisdiction to resolve it. A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d at 1251. While Mr. Hassen has labelled his motion a "Rule 59(e)" motion, the court first considers "whether it is truly such a motion, in whole or in part, or, in reality, a second or successive § 2255 motion." *United States v. Norwood*, 557 Fed. Appx. 798, 801 (10th Cir. Mar. 7, 2014).

A Rule 59(e) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "Conversely, it is a 'true' [59(e)] motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . .; or (2) challenges a defect in the integrity of the federal habeas proceeding,

3

provided that such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1216; *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ("Rule 59(e) motions are subject to the same characterization."); *United States v. Cobb*, 307 Fed. Appx. 143, 145 (10th Cir. 2009) (unpublished) (observing, in § 2255 proceeding, that *Spitznas*'s reasoning underlying COA requirement for appeal of Rule 60(b) ruling "applies equally to motions under Rule 59(e)").

The court discerns three arguments in Mr. Hassen's motion that attack the integrity of the habeas proceeding without leading to an attack on the merits of the disposition of the petition—that the court, in denying a hearing and denying a COA, utilized an incorrect standard that placed too heavy a burden on Mr. Hassen; that the court applied the wrong standard in assessing prejudice under *Strickland*; and that the court applied the wrong standard in analyzing Mr. Hassen's claim of prosecutorial misconduct. *See Melter v. United States*, 2017 WL 3868808, at *1-2 (W.D. Penn. Sept. 5, 2017) (argument that district court denied COA based on incorrect standard was appropriately considered under Rule 60(b)); *Copeland v. McNeil*, 2009 WL 1229042, at *2 (N.D. Fla. May 4, 2009) (argument that court used the wrong standard of review in determining that habeas petition was untimely was a true Rule 60(b) motion). The remainder of the motion seeks to collaterally attack Mr. Hassen's conviction and, because that aspect of the motion constitutes an unauthorized successive § 2255, the court lacks jurisdiction to consider it.

Mr. Hassen's first argument is that the court, in denying a hearing and denying a COA, held Mr. Hassen to a high burden not supported in the case law. Specifically, Mr. Hassen asserts that his pleadings alone are sufficient to warrant a hearing, but the court erroneously held without the benefit of a hearing that Mr. Hassen "failed to establish" his claims at the motion stage. In

4

other words, Mr. Hassen asserts that the court required him to "prove" his claims on paper without an evidentiary hearing. As will be explained, the court denied Mr. Hassen's claims under the applicable standard. The use of the word "establish" was and is consistent with general usage in the case law.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . ." 28 U.S.C. § 2255(b). Accordingly, "[r]eview in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." *United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011). But conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255 and impose no obligation on the district court to conduct an evidentiary hearing. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *Anderson v. United States*, 367 F.2d 553–54 (10th Cir. 1966).

The court's use of the phrase "failed to establish" was based on the court's conclusion that Mr. Hassen had not shown that his non-conclusory allegations, if true, would entitle him to relief. *See United States v. Clark*, 650 Fed. Appx. 569, 572-73 (10th Cir. 2016) (petitioner "failed to establish" prejudice on his claim that plea counsel failed to explain that he could enter straight plea where defendant "had not shown a reasonable probability that he would have pleaded guilty"; no hearing required); *United States v. Moreno*, 655 Fed. Appx. 708, 713 (10th Cir. 2016) (district court correctly held that petitioner "failed to establish a reasonable probability" that the result of trial would have been different but for counsel's performance; no hearing required); *United States*

*v. Wolf*, 650 Fed. Appx. 556 (10th Cir. 2016) (district court correctly held that petitioner "failed to establish" prejudice and no evidentiary hearing was required). By way of example, Mr. Hassen asserted in his petition that a hearing was required regarding his allegation that his plea counsel failed to tell him that he was eligible for a "safety valve" reduction. But the court assumed for purposes of the motion that plea counsel failed to advise Mr. Hassen about "safety valve" relief and denied the claim in any event because there was no showing that Mr. Hassen was eligible for such relief. See doc. 1112 at 7. Similarly, Mr. Hassen alleged that his plea counsel told him that if he did not sign the plea agreement and cooperate, he would go to prison for the rest of his life. The court held that, even assuming that plea counsel provided such advice, there was no showing of prejudice because there was no evidence that such advice was anything other than a good-faith estimate. *See id*.

Next, Mr. Hassen asserts that the court applied the wrong standard in assessing whether he had shown prejudice in connection with his counsel's assistance at the plea stage. Specifically, Mr. Hassen challenges the court's conclusion that he could not establish prejudice because he would have received a longer sentence if he had gone to trial. According to Mr. Hassen, the correct standard is whether he would have changed his decision to plead guilty and he asserts that he would not have entered a plea of guilty despite the possibility of a longer sentence after trial. Significantly, the court's statements about the likelihood of a longer sentence if Mr. Hassen had gone to trial were simply to support the court's holding that Mr. Hassen could not show in the first instance that he would have changed his plea and insisted on a trial. At the hearing on Mr. Hassen's motion to withdraw from the plea agreement, Mr. Hassen swore under oath that he was guilty of the crimes charged; that he "wasn't trying to say I wasn't guilty;" and that he was asking

6

for the court to leave the guilty plea in place. This testimony is consistent with Mr. Hassen's declaration that he filed in support of his reply brief in support of his § 2255 motion. In his declaration, he insists that he would not have signed the plea agreement but does not state that he would have changed his plea of guilty. Because Mr. Hassen failed to even allege that he would have insisted on going to trial but for counsel's alleged ineffectiveness, the court found no prejudice under *Strickland*. The court, then, did not apply the wrong standard in assessing the prejudice prong of *Strickland*.

Finally, Mr. Hassen asserts that the court applied the wrong standard in evaluating his claim of prosecutorial misconduct. According to Mr. Hassen, the court required him to show some "invidious reason" for the prosecution's conduct, not simply bad faith. This argument mischaracterizes the court's memorandum and order. In its order, the court identified the standard espoused by the Court in *Wade v. United States*, 504 U.S. 181 (1992)—that the defendant must show that the government's decision was "based on an unconstitutional motive or was not rationally related to any legitimate Government end." Expressly applying that standard, the court held that Mr. Hassen's claim for relief necessarily failed for lack of evidence demonstrating that the government's one-level departure motion was "unconstitutionally motivated or that it was not rationally related to any legitimate government end." The court then, in dicta, reiterated its statements from the hearing on Mr. Hassen's motion to withdraw his plea, including the statement that "There has to be some invidious reason not just some prosecutorial exercise of judgment about how things are going to proceed." "Invidious reason" is, in fact, accurate shorthand for an "unconstitutional motive" or a decision "not rationally related to any legitimate government end." Nonetheless, in analyzing Mr. Hassen's § 2255 claim the court did not require Mr. Hassen to show

an "invidious" reason for the government's conduct beyond the *Wade* standard. The argument is rejected.

The remainder of Mr. Hassen's arguments constitute a rehash of the arguments he made in his initial § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial of the merits of a claim for relief should be treated as a successive habeas petition."). These aspects of the motion are dismissed for lack of jurisdiction.

In sum, Mr. Hassen's motion is denied with prejudice as to his arguments that the court applied the wrong standards in analyzing his initial petition and is otherwise dismissed without prejudice for lack of jurisdiction. Further, because jurists of reason would not find debatable the court's disposition of the motion, construed in part as a true Rule 59(e) motion and in part as a second or second successive habeas petition, a certificate of appealability is denied. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hassen's motion to alter or amend judgment (doc. 1116) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2019, at Kansas City, Kansas.

             s/ John W. Lungstrum
             John W. Lungstrum
             United States District Judge