IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                   Case No. 07-20099-04-JWL

**Yehia Hassen,**

      **Defendant.**

## **MEMORANDUM & ORDER**

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. Under the terms of the plea agreement, Mr. Hassen anticipated a guideline range of 210-262 months (corresponding to a criminal history category of I and a total offense level of 37) but understood that the government would recommend the low end of the range and would file a § 5K1.1 motion if he met the cooperation requirements. Following Mr. Hassen's guilty plea, he remained out-of-custody on conditions of release.

In March 2010, the day of Mr. Hassen's scheduled sentencing, the government filed a § 5K1.1 motion seeking a one-level reduction in Mr. Hassen's total offense level and, consistent with the plea agreement, recommended a sentence of 188 months, the low-end of the resulting guideline range. Mr. Hassen failed to appeal for sentencing and an arrest warrant was issued by the court. At that time, the government withdrew its § 5K1.1 motion. Mr. Hassen remained a

fugitive until he was arrested in the Republic of Cyprus in April 2016. He waived extradition and was transported back to the United States.

In August 2016, the government filed a motion for a hearing to determine whether Mr. Hassen breached the plea agreement by failing to appear for sentencing and then absconding for six years. By filing the motion, the government sought to request a sentence other than the low-end of the guideline range, to request that Mr. Hassen not receive a reduction for acceptance of responsibility and to request an upward departure from the applicable guideline range. At the same time, Mr. Hassen filed a motion to withdraw from the plea agreement based upon ineffective assistance of counsel; to withdraw from the plea agreement because he did not enter that agreement knowingly and voluntarily; and to find that the government's one-level § 5K1.1 motion was made in bad faith.

On September 15 and September 23, 2016, this court held an evidentiary hearing on the parties' motions. After that hearing, the court granted the government's motion and denied Mr. Hassen's motion. On November 22, 2016, the court sentenced Mr. Hassen to 324 months imprisonment. By absconding from justice, Mr. Hassen lost the benefit of a three-level acceptance-of-responsibility reduction; lost the government's agreement to a two-level increase for role in the offense and instead received a three-level increase; and received a two-level increase for obstruction of justice. Mr. Hassen also lost the benefit of the government's one-level departure motion. Mr. Hassen, however, did receive the benefit of Amendment 782 and its two-level decrease under § 2D1.1. Mr. Hassen appealed his conviction and sentence to the Tenth Circuit, but later voluntarily dismissed that appeal. His anticipated release date is May 14, 2039.

This matter is presently before the court on Mr. Hassen's motion for compassionate release (doc. 1141). In his motion, the defendant argues that compassionate release is warranted because he is needed at home to care for his son, his parents and his aunt. He first contends that his son suffers from a rare disease that makes him susceptible to serious complications or death if he contracts COVID-19. Presently, Mr. Hassen's wife cares for their son, but Mr. Hassen asserts that his wife must take their son with her outside the home for various errands and activities (bringing the other children to school; going to the grocery store; taking children to doctors' appointments) because he cannot be left home alone or with other siblings. Mr. Hassen asserts that, upon release, he could work and take care of any and all needs outside the home so that his wife could remain home with their son, where he is less likely to contract COVID-19. Mr. Hassen also asserts that his parents and aunt are in poor health and will suffer serious complications or death if they contract COVID-19. He asserts that his mother works two jobs despite her poor health, placing herself at an increased risk of contracting COVID-19. Again, Mr. Hassen asserts that, upon release, he could work so that his mother could stay home and he could take care of other needs outside the home to minimize his parents' and aunt's risk of exposure to the virus. Mr. Hassen proposes home confinement for ten years and an extended period from five years to ten years of supervised release as an alternative to incarceration.[1]

---

[1] After the briefing on Mr. Hassen's motion was complete, the court received an unverified letter from Mr. Hassen in which he asserts that he has recently tested positive for COVID-19 and asks for release on that basis. Because the submission was not made under oath, it has no evidentiary value. But even if the court were to consider it, Mr. Hassen does not assert that he is ill from the virus. In fact, he asserts that "all that's happened to me was I lost my sense of smell and taste and bones [sic] hurt a little." Rather, he contends that he should not have to stay in prison and "keep getting sick" when he is not a threat to society. Mr. Hassen's letter, then, does not reflect the existence of extraordinary and compelling reasons for release. He also asks the court to seal his

3

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons." The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[2]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."

---

motion and the submissions relating to it. With respect to his request to seal, Mr. Hassen has not identified any sensitive issues in the submissions relating to his motion and the court discerns none. The court, then, declines to seal any documents relating to Mr. Hassen's motion.

[2] The government does not dispute that Mr. Hassen has exhausted his administrative remedies such that the court has jurisdiction over the motion.

*See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here, particularly because Mr. Hassen has expressly denied any reliance on subsection (C). *See id.*[3] Subdivision (A) depends on the medical conditions of the defendant, which is also not applicable in this instance. Mr. Hassen's motion, in fact, is based on the fact that he is healthy and should therefore be released to care for his family. That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D)  Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously

---

[3] Courts have interpreted the "family circumstances" provision under subdivision (C) to require a showing that the defendant is the only available caregiver. *See United States v. Lisi,* 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver."). Mr. Hassen concedes that other individuals, including his wife, are available and necessary to care for his son.

5

determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that the defendant has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison.

The court begins with Mr. Hassen's motion as it relates to his parents and his aunt. The vast majority of courts examining a defendant's family circumstances for purposes of compassionate release have held that providing care to elderly parents, even ailing parents, simply does not fall within the reasons contemplated by the policy statement. *See United States v. Salazar*, 2020 WL 6149911, at *2 (D. Utah Oct. 20, 2020) (desire to care for high-risk father does not constitute extraordinary or compelling reason under the policy statement) (subdivision (C)); *United States v. Salcido*, 2020 WL 4220495, at *3 (D.N.M. July 23, 2020) (under catchall provision, compassionate release not available to care for ailing parents); *United States v. Ruiz*, 2020 WL 3265244, at *2 (D.N.M. June 17, 2020) (noting there are many "cases that have found that caring for elderly parents is not sufficient to show 'extraordinary and compelling' circumstances") (catchall provision); *United States v. Crandle*, 2020 WL 2188865, at *3, n.27 (M.D. La. May 6, 2020) (gathering cases finding caring for elderly parents not sufficient to show "extraordinary and compelling" circumstances for release); *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed under the policy statement and do not encompass providing care to elderly parents) (discussing subdivision (C)). While the care that

Mr. Hassen's parents and aunt are receiving may not be ideal in light of the pandemic, there is nothing in the record reflecting that the care is not adequate without Mr. Hassen's assistance. Mr. Hassen also concedes that he has siblings living in the Kansas City area who, while busy with their own children, are available to assist if necessary, though perhaps not as willing as Mr. Hassen is. Thus, Mr. Hassen's asserted need to care for his parents and his aunt does not amount to an extraordinary and compelling reason to reduce his sentence.

With respect to the situation regarding his son, there is similarly no evidence that his son has not been receiving adequate care in Mr. Hassen's absence. The court is sympathetic to the difficult circumstances of Mr. Hassen's son's health and the stress his wife undoubtedly faces in caring for their son during the pandemic. But, again, the record reflects that Mr. Hassen has siblings in Kansas City who could assist if needed. Moreover, there is strong evidence that mitigating measures such as face masks and social distancing work well in protecting against the virus, and Mr. Hassen's wife is surely utilizing these measures when she takes her son out of the home. Even under Mr. Hassen's plan, Mr. Hassen would be exposing his son to the virus by doing errands and other activities, being with his other children, and then having those children remain in the home with Mr. Hassen's son. Contrary to his argument, then, Mr. Hassen's presence would not protect his son from potential exposure. On this record, then, the court does not find that Mr. Hassen's need to assist in the care of his son constitutes an extraordinary and compelling reason to reduce his sentence.

The government also opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of Mr. Hassen's offenses, to provide just punishment for those offenses and in light of serious misconduct engaged in by Mr. Hassen

when he absconded before sentencing. The court agrees with the government and concludes that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors even if court finds that extraordinary and compelling reasons warrant reduction). The court, then, denies the motion for compassionate release on this basis as well.

The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)). Applying those factors here, the court declines to reduce Mr. Hassen's sentence. To begin, the court notes that a significant quantity of drugs was attributed to Mr. Hassen. But beyond the seriousness of Mr. Hassen's underlying crimes, Mr. Hassen absconded before sentencing and remained a fugitive for 6 years. These circumstances strongly suggest that Mr. Hassen is not a candidate for home confinement. While the length of Mr. Hassen's sentence is significant, he is responsible for that sentence in light of his decision to abscond—a decision that also sets Mr. Hassen apart from his co-defendants whom he asserts received more lenient sentences. To release Mr. Hassen at this juncture would fail to recognize the seriousness of Mr. Hassen's total disrespect for the law.

In light of these unique circumstances, the court agrees with the government that early release at this point in Mr. Hassen's sentence would constitute a significant and unjustified windfall. He has almost 19 years remaining on his sentence. In other words, Mr. Hassen has

served only 25 percent of his 324-month term. Mr. Hassen's release from custody would be inconsistent with the need to provide just punishment and the need to promote respect for the law and would fail to reflect the seriousness of his offenses, including his efforts to abscond from justice. A reduction in Mr. Hassen's sentence would constitute a significant, unwarranted, multi-level downward departure from his original sentence.

In short, the court finds that Mr. Hassen's 324-month sentence remains sufficient but not greater than necessary to serve the purposes of sentencing. *See Simon v. United States*, 2020 WL 5764322, at *3 (S.D.N.Y. Sept. 28, 2020) (denying motion for compassionate release despite serious medical conditions where defendant absconded before sentencing, remained a fugitive for almost a year, and had more than 100 months left to serve on 285-month sentence); *United States v. Palmer*, 2020 WL 5518636, at *3 (W.D.N.C. Sept. 14, 2020) (denying motion for compassionate release where defendant was involved in substantial drug conspiracy, absconded from pretrial supervision and was a fugitive for 8 years, indicating a lack of respect for the law, and had served only 76 months of 168-month sentence); *United States v. Ware*, 2020 WL 5524869, at *4 (E.D. Tex. Sept. 14, 2020) (§ 3553(a) factors did not support release where defendant was engaged in large methamphetamine trafficking conspiracy and obstructed justice while on bond); *United States v. Abdul-Wahhab*, 2020 WL 5440587, at *4 (S.D. Fla. Sept. 10, 2020) (reduction of sentence by over six years would not serve the goals of § 3553(a) in context of compassionate release motion where defendant engaged in "problematic conduct" after arrest including obstructing justice); *United States v. Kolodesh*, 2020 WL 5292145, at *3 (E.D. Pa. Sept. 4, 2020) (compassionate release not warranted where defendant was not remorseful for criminal acts, tried to persuade a witness to perjure himself, and consistently blamed others for his

9

conduct); *United States v. Chandler*, 2020 WL 4596843, at *2 (E.D. Mich. Aug. 11, 2020) (compassionate release not warranted where defendant distributed large amounts of cocaine and heroin and obstructed justice during pendency of case); *United States v. Efrosman*, 2020 WL 4504654, at *2 (E.D.N.Y. Aug. 5, 2020) (denying motion for compassionate release where defendant absconded to Poland and remained a fugitive for years before he was arrested by local authorities and extradited; defendant was required to serve full sentence); *United States v. Smith*, 2020 WL 4273816, at *2 (N.D. Ohio July 24, 2020) (rejecting home confinement alternative as contraindicated given defendant's "prior flight from the jurisdiction [and] nearly three-year absence as a fugitive"); *United States v. McIntyre*, 2020 WL 3564782, at *2 (W.D.N.Y. July 1, 2020) (denying motion for compassionate release where defendant fled, was a fugitive for 8 years, and had served only small portion of ultimate sentence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hassen's motion for compassionate release (doc. 1141) is denied.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge