IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                                                                Case No. 07-20099-04-JWL

**Yehia Hassen,**

        **Defendant.**

## **MEMORANDUM & ORDER**

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. The court ultimately sentenced Mr. Hassen to 324 months imprisonment. Mr. Hassen appealed his conviction and sentence to the Tenth Circuit, but later voluntarily dismissed that appeal. His anticipated release date is May 14, 2039.

In September 2020, Mr. Hassen filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that he needed to care for family members, including his son. The court denied the motion, finding no extraordinary and compelling reasons warranting release and, further, that compassionate release would materially depart from an appropriate § 3553(a) sentence. This matter is now before the court on Mr. Hassen's motion for the appointment of counsel and a new motion for compassionate release (doc. 1167) based on the seriousness of his son's illness and Mr. Hassen's desire to protect his son from contracting COVID-19; his

rehabilitative efforts and lack of disciplinary problems while in custody; and his low risk of recidivism.

The court begins with Mr. Hassen's motion to the extent he seeks appointed counsel and denies that aspect of the motion. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, Mr. Hassen's pro se motion reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion for compassionate release are straightforward. Finally, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On January 5, 2022, the Federal Public Defender notified the court that it had reviewed Mr. Hassen's motion and that it did not intend to enter an appearance on his behalf because Mr. Hassen's motion did not raise any new issues.

The court also denies Mr. Hassen's motion for compassionate release. The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts[1] his or her claim and three other requirements

---

[1] The government concedes that defendant has adequately exhausted his administrative remedies.

are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, Mr. Hassen has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The motion, then, is denied and the court declines to address the other prerequisites.[2]

In his motion, Mr. Hassen continues to urge that his son's illness places his son at an increased risk of harm (or even death) if he contracts COVID-19. Mr. Hassen proposes that he live with his son separately from other family members to protect his son from the virus. While the court recognizes the seriousness of Mr. Hassen's son's illness, there is nothing in the record suggesting that the measures presumably taken by Mr. Hassen's wife to protect their son from COVID-19 have not been effective. Indeed, the world is now more than two years into the COVID-19 pandemic and Mr. Hassen's son has apparently not contracted the virus in that time. Whatever mitigating measures have been taken by Mr. Hassen's spouse, then, seem to be working just as effectively as the plan proposed by Mr. Hassen. While Mr. Hassen might prefer to keep his son home at all times, that preference does not constitute an extraordinary and compelling reason for a sentence reduction. Moreover, while it is commendable that his son's wellbeing is

---

[2] The court, however, reaffirms its earlier conclusion that compassionate release under the circumstances described by Mr. Hassen would materially depart would materially depart from an appropriate § 3553(a) sentence in light of certain aggravating factors underlying Mr. Hassen's sentence. Those factors have been clearly set forth in prior opinions.

now forefront in Mr. Hassen's mind, the general welfare of his children (even if his son had not yet been diagnosed with his illness) was an insufficient deterrent at the time he committed his crime and it is not the court's obligation to lessen the burden that Mr. Hassen placed on his family in the first instance. *United States v. Williamson*, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021).

The court also rejects defendant's argument that his rehabilitation is sufficient to warrant early release. Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here.

4

Mr. Hassen has not shown anything objectionable about the length of his sentence or any reason why his sentence would be less if imposed today.

Finally, the court concludes that compassionate release is not justified based on Mr. Hassen's minimal disciplinary record and his alleged low recidivism risk. *See United States v. Mora*, 2021 WL 5711087, at *2 (10th Cir. Dec. 2, 2021) (no flaw in district court's reasoning where court denied early release despite minimal disciplinary record and rehabilitation efforts); *United States v. Rodriguez*, 837 Fed. Appx. 652, 653 (10th Cir. 2021) (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hassen's motion for the appointment of counsel and for a sentence reduction (doc. 1167) is denied.

**IT IS SO ORDERED.**

Dated this __12th__ day of April, 2022, at Kansas City, Kansas.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge