IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                                          Case No. 07-20099-04-JWL

**Yehia Hassen,**

       **Defendant.**

## MEMORANDUM & ORDER

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. The court ultimately sentenced defendant to 324 months imprisonment. Defendant appealed his conviction and sentence to the Tenth Circuit, but later voluntarily dismissed that appeal. The court denied defendant's subsequent § 2255 petition. Since that time, defendant has filed two motions for compassionate release. The court denied both motions. His anticipated release date is May 14, 2038.

This matter is presently before the court on defendant's third motion for a sentence reduction, which implicates 18 U.S.C. §§ 3582(c)(1)(a) and (c)(2) (doc. 1217). In that motion, defendant argues that his "youthful" age at the time he committed his offenses warrants a reduction; that he should be deemed eligible for safety valve relief; that a reduction is warranted based on the significant sentencing disparity between himself and his codefendants; and that the court should reduce his sentence under Amendment 821 to the United States Sentencing

Guidelines. He also requests the appointment of counsel. As will be explained, the motion is denied in part and dismissed in part.

The court begins with defendant's motion to the extent he seeks appointed counsel and denies that aspect of the motion. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Defendant's pro se motion reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion for a sentence reduction are straightforward. Having given defendant the benefit of all doubts with respect to his motion, the court is confident that the appointment of counsel would have no bearing on the outcome of the motion. The motion is denied.

The court turns, then, to that portion of defendant's motion in which he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.*

---

[1] The government concedes that defendant has exhausted his administrative remedies.

at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

As noted earlier, defendant seeks release under §3582(c)(1)(A) based on his age at the time he committed the offenses; his assertion that he should be deemed eligible for safety valve relief;

3

and the sentencing disparity between himself and his codefendants. None of defendant's stated reasons—alone or collectively—are "extraordinary and compelling" as those terms are ordinarily understood. Moreover, the applicable Sentencing Commission policy statement does not identify these reasons as extraordinary and compelling reasons for relief. Under the Sentencing Commission policy statement, then, defendant must establish that he can satisfy the catchall provision for other circumstances or combination of circumstances that are similar in gravity to the circumstances described in the following categories: (1) defendant's serious medical conditions, (2) his advanced age and serious deterioration in health; (3) family circumstances which require him to act as a caregiver and (4) his status as a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him. U.S.S.G. § 1B1.13(b)(5).

*Age at Time of Offense*

Defendant argues that he was just 25 years old when he committed the offenses, and that this fact constitutes an extraordinary and compelling reason for release. But defendant has not demonstrated how this fact in combination with all of the circumstances of his case is an extraordinary and compelling reason for release or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement. *See United States v. Williams*, 2023 WL 8599383, at *3 (D. Kan. Dec. 12, 2023) (rejecting argument that defendant's age at time offense—23 years old—constituted an extraordinary and compelling reason for release in absence of any additional circumstances supporting that argument). Nothing in the record of this case suggests that defendant, at the time he committed the offenses, was

4

lacking in maturity or had an underdeveloped sense of responsibility that made him more likely to make mistakes and engage in poor decision making. *Compare United States v. Espino*, 2022 WL 4465096, at *2-3 (D. Kan. Sept. 26, 2022). Nothing in the record reflects that defendant was susceptible to the influence of older peers or dependent on older peers or relatives. In fact, the record reflects that defendant was serving in a managerial role in the conspiracy. Moreover, while defendant committed the offenses when he was 25 years old, he then absconded prior to sentencing (traveling on remarkably sophisticated false documents) and remained a fugitive until he was 35 years old, when he was arrested. Defendant's decision to abscond and his failure to turn himself into authorities at any time prior to his arrest quite obviously cuts against any argument that poor decision-making in his mid-20s was simply a result of his "youthful" age. This argument, then, is rejected.

*Eligibility for Safety Valve Relief*

Defendant also contends that the court should essentially find him eligible for safety valve relief despite his role enhancement under Section 3B1.1(c) of the Guidelines. While defendant concedes in his reply brief that he agreed to the role enhancement in the plea agreement and that it is "too late" to ask the court to remove the enhancement, he suggests that the court can simply exercise its discretion to apply the safety valve in any event. Even putting aside the fact that defendant's argument does not remotely fit the contours of an extraordinary and compelling reasons within the catch-all provision of U.S.S.G. § 1B1.13(b)(5), defendant's argument reflects a misunderstanding of the safety valve in any event.

5

Assuming that a defendant satisfies the criteria for safety-valve relief (which defendant does not), *see* U.S.S.G. § 5C1.2(a)(1)–(5), then the sentencing court "shall impose a sentence without regard to a statutory minimum." *See id*. No statutory minimum sentence was ever at play in this case. The applicable guideline range at the time of defendant's initial sentencing in 2009, as recommended by the government, was 188 to 235 months—well above the 10-year mandatory minimum sentence at the time. Defendant has not offered any plausible scenario under which his guideline range would be lower than the mandatory minimum sentence, rendering his safety-value argument moot.

*Sentence Disparity*

Defendant argues that extraordinary and compelling reasons exist because of the disparity of his sentence relative to his co-defendants. It is true that defendant received a much lengthier sentence than his co-defendants. But as the court has noted on other occasions, defendant alone is responsible for that sentence disparity in light of his decision to abscond and to remain a fugitive—a decision that sets Mr. Hassen apart from his co-defendants. In fact, defendant's decision to abscond resulted in what was likely going to be a 188-month sentence (the sentence that the government was prepared to recommend at defendant's initial sentencing date) increasing to a 324-month sentence. By absconding from justice, defendant lost the benefit of a three-level acceptance-of-responsibility reduction; received a two-level increase for obstruction of justice; and lost the benefit of the government's recommendation.

In short, defendant has not established that the disparity between his sentence and the sentences of his co-defendants is an extraordinary and compelling reason for release or that this

reason is similar in gravity to the circumstances identified in the first four categories of the Sentencing Commission policy statement.

*Amendment 821*

Defendant also contends that a sentence reduction is warranted consistent with Amendment 821 to the United States Sentencing Guidelines. This aspect of defendant's motion is appropriately analyzed under 18 U.S.C. § 3582(c)(2).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Part B of Amendment 821, which became effective on November 1, 2023, and applies retroactively, amended Chapter Four of the Sentencing Guidelines to create Guideline § 4C1.1. That section authorizes a reduction of two offense levels for defendants with zero criminal history points and who satisfy certain other criteria. See U.S.S.G. § 4C1.1. Specifically, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;

>(5) the instant offense of conviction is not a sex offense;
>
>(6) the defendant did not personally cause substantial financial hardship;
>
>(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
>(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]"

U.S.S.G. § 4C1.1(a).

Defendant admits in his motion that he received one criminal history point and received a § 3B1.1 role adjustment. He contends that the criminal history point "shouldn't count" because the associated DWI conviction was a low-level offense and he was driving under the influence only because a friend needed him to pick her up at a party. He contends that the role adjustment is unwarranted as it vastly overstates his minimal role in the conspiracy. These arguments, however, go far beyond the scope of § 3582(c)(2) proceedings and the court simply cannot consider them at this juncture. *See Freeman v. United States*, 564 U.S. 522, 531 (2011) (plurality opinion) (all Guidelines decisions from original sentencing remain in place, except sentencing range that retroactive amendment altered); *see also Dillon v. United States*, 560 U.S. 817, 825–27 (2010) (explaining the narrow scope of § 3582(c)(2) proceedings). Thus, defendant plainly fails to meet Amendment 821's eligibility requirements. And because the reduction is not authorized,

the court lacks jurisdiction to reduce defendant's sentence. This aspect of defendant's motion is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's motion for the appointment of counsel and for a sentence reduction (doc. 1217) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2024, at Kansas City, Kansas.

                                                  s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge