IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                        Case No. 07-20099-04-JWL

**Yehia Hassen,**

      **Defendant.**

## MEMORANDUM & ORDER

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. The court ultimately sentenced defendant to 324 months imprisonment. Defendant appealed his conviction and sentence to the Tenth Circuit, but later voluntarily dismissed that appeal. The court denied defendant's subsequent § 2255 petition.

In July 2024, defendant filed a motion for a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(a) and (c)(2). In pertinent part, he asked the court to reduce his sentence under Amendment 821 as a zero-point offender. Defendant acknowledged in his motion that he had one criminal history point, but he argued that the point "shouldn't count" because it was for an old misdemeanor, and he had taken a class to clear it from his record. The court held that it was not authorized to remove the scoreable point and dismissed that aspect of defendant's motion for lack of jurisdiction on the grounds that defendant was not a zero-point offender and was not eligible for relief. The Tenth Circuit expressly affirmed that decision on appeal, holding that the court

correctly declined to apply Amendment 821 because it was required to use the same calculation of criminal history points that it had used at the initial sentencing in determining whether Amendment 821 applied. *United States v. Hassen*, 2025 WL 1937506, at *2 (10th Cir. July 15, 2025).

This matter is presently before the court on defendant's fourth motion for a sentence reduction (doc. 1228). In that motion, defendant argues only that the court, pursuant to 18 U.S.C. § 3582(c)(2), should reduce his sentence under Amendment 821 to the United States Sentencing Guidelines. He makes the same argument that he did before this court and before the Circuit—that his one criminal history point should not count. Because the Tenth Circuit has already examined and resolved the argument that defendant again pursues in this court, the court may not consider the merits of his argument. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).[1] Thus, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence under Amendment 821. The motion, then, is dismissed.[2]

---

[1] While there are narrow exceptions to the law-of-the-case doctrine, none are present here. *See Trent*, 884 F.3d at 994-95 (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice).

[2] In his reply brief, defendant makes additional arguments that are unrelated to Amendment 821, including that he has rehabilitated himself while in custody; that his counsel was ineffective at sentencing; that his "punishment" for absconding was too severe; and that he should not have received a managerial role enhancement. Because these arguments are all beyond the scope of defendant's 3582(c)(2) motion, the court declines to address them. *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) ("A § 3582(c)(2) motion does not provide the district court with the opportunity to begin the entire sentencing process anew, but rather the district court's discretionary authority is expressly limited by the scope of § 3582(c).") ; *see also Dillon v. United States*, 560 U.S. 817, 825–27 (2010) (explaining the narrow scope of § 3582(c)(2) proceedings).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence (doc. 1228) is dismissed.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
