### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**               **Case No. 07-20099-04-JWL**

**Yehia Hassen,**

   **Defendant.**

## <u>MEMORANDUM & ORDER</u>

In July 2009, defendant Yehia Hassen, pursuant to a plea agreement with the government, entered a plea of guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine and attempted money laundering. The court ultimately sentenced defendant to 324 months imprisonment. Defendant appealed his conviction and sentence to the Tenth Circuit, but later voluntarily dismissed that appeal. The court denied defendant's subsequent § 2255 petition.

In July 2024, defendant filed a motion for a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(a) and (c)(2). In pertinent part, he asked the court to reduce his sentence under Amendment 821 as a zero-point offender. Defendant acknowledged in his motion that he had one criminal history point, but he argued that the point "shouldn't count" because it was for an old misdemeanor, and he had taken a class to clear it from his record. The court held that it was not authorized to remove the scoreable point and dismissed that aspect of defendant's motion for lack of jurisdiction on the grounds that defendant was not a zero-point offender and was not eligible for relief. The Tenth Circuit expressly affirmed that decision on appeal, holding that the court

correctly declined to apply Amendment 821 because it was required to use the same calculation of criminal history points that it had used at the initial sentencing in determining whether Amendment 821 applied. *United States v. Hassen*, 2025 WL 1937506, at \*2 (10th Cir. July 15, 2025).

In October 2025, defendant filed another motion for a sentence reduction, again arguing that the court should reduce his under Amendment 821 to the United States Sentencing Guidelines. In December 2025, the court dismissed that motion for lack of jurisdiction on the grounds that the reduction was not authorized. Specifically, the court highlighted that the Tenth Circuit had already examined and resolved the argument such that the law-of-the-case doctrine precluded that court from considering the merits of defendant's argument.

This matter is now before the court on defendant's motion to reconsider (doc. 1235) the court's December 2025 memorandum and order dismissing defendant's motion for lack of jurisdiction. The motion is denied as untimely.

The Federal Rules of Criminal Procedure do not authorize motions for reconsideration. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Such motions are proper, however, whether filed by a defendant or the government. *Id.* at 1242. The Circuit has held that motions to reconsider in criminal proceedings must be filed within 14 days of the order. *Id.* (holding that motion to reconsider "the denial of a § 3582(c)(2) motion must be brought within the time for appeal"). The court's memorandum and order that defendant now seeks to have reconsidered was issued in December 2025. Because defendant's motion was filed more than six months after the original order, it is untimely. *See United States v. Chavez*, 2025 WL 2985852, at \*2 (10th Cir. Oct. 23, 2025) (§ 3582(c)(2) motion for reduced sentence pursuant to Amendment

2

821 was properly denied as untimely when it was filed three months after initial order denying relief). Defendant's motion to reconsider, then, is denied as untimely.


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reconsider (doc. 1235) is denied.


**IT IS SO ORDERED.**


Dated this 10th day of August, 2026, at Kansas City, Kansas.


                                        s/John W. Lungstrum
                                    HON. JOHN W. LUNGSTRUM
                                    United States District Judge

3